remedy in the *British* courts, via the Freedom of Information Act, 2000, c. 36 (Eng.), a statute closely analogous to FOIA. Whether Moore chooses to pursue a FOIA claim in U.S. courts against the U.S. government, or in English courts against the British government, there is nothing currently before this court that merits any ruling on the merits of Moore's claim to the requested documents.

Even though the district court erred in dismissing the FOIA claim because of its conclusion that it lacked jurisdiction to consider the FSIA claim, "we may affirm on any ground supported by the record." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir.2004). The viability of Moore's FOIA claim determines whether he was entitled to a default judgment against the United Kingdom, or whether, instead, the claim should have been dismissed for failure to state a claim for which relief could be granted. *See* FED. R. CIV. P. 12(b)(6). The FSIA provides that "[n]o judgment by default shall be entered by a court of the United States ... against a foreign state ... unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This provision, which mirrors Federal Rule of Civil Procedure 55(e),[16] codifies in the FSIA context the long-standing presumption that due process requires plaintiffs seeking default judgments to make out a prima facie case. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

1987). Thus, if Moore has not adequately alleged that he has "a claim or right to relief" under FOIA,[17] he is not entitled to a default judgment, and dismissal for failure to state a claim is proper. Since, as discussed above, FOIA claims cannot run against the United Kingdom, Moore has not adequately alleged that he has "a claim or right to relief" under FOIA, and his FOIA claim could—and should—have been dismissed.

### III.  Conclusion

The district court's dismissal of Moore's FSIA claim for lack of subject-matter jurisdiction is AFFIRMED. Its dismissal of Moore's FOIA claim is also affirmed, for failure to allege a viable cause of action.

**AFFIRMED.**

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

---

**16.** Rule 55(e) requires the same "claim or right to relief" showing in suits against the United States, and has been interpreted as requiring district courts to reach the merits of a plaintiff's claim before entering a default judgment against the government. *See Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984).

**17.** Although § 1608(e) speaks in terms of "evidence satisfactory to the court," that section,

of course, is subject to the Federal Rules of Civil Procedure. Under the rules, dismissal is appropriate whenever the complaint does not allege a viable cause of action. *See* FED. R. CIV. P. 12(b)(6). We therefore read § 1608(e) as precluding a default judgment where the claimant does not in his pleadings "establish his claim or right to relief" even if all of the allegations in the complaint are taken as true.

Henry C. Yuen; Elsie M. Leung,
Intervenors–Appellants,

v.

GEMSTAR–TV GUIDE
INTERNATIONAL,
INC., Defendant.

No. 03–56129.

United States Court of Appeals,
Ninth Circuit.

Filed Sept. 24, 2004.

Richard M. Humes, Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Thomas J. Karr, Securities and Exchange Commission, Washington, DC, David C. Wheeler, Augustini Wheeler & Dorman, Los Angeles, CA, Stanley S. Arkin, Michelle A. Rice, Arkin & Kaplan, New York, NY, Sean T. Prosser, Kimberly S. Greer, Amy M. Roebuck, Fish & Richardson, P.C., San Diego, CA, for Intervenors–Appellants/Defendant.

## ORDER

SCHROEDER, Chief Judge.

Upon the vote of a majority of nonrecused regular active judges of this court,[1] it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

Gerardo Rafael VELEZMORO,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73244.

United States Court of Appeals,
Ninth Circuit.

Filed Sept. 24, 2004.

Vadim Yuzefpolsky, Attorney at Law, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, Papu Sandhu, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge.

## ORDER

SCHROEDER, Chief Judge.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

---

1. Judge Kozinski and Judge Bybee are recused.